UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 17-CR-00173-5 |
| v. | |
| RICKY BROOKS | Judge John Robert Blakey |

**MEMORANDUM OPINION AND ORDER**

Defendant Ricky Brooks brought this motion [640] under Federal Rule of Criminal Procedure 14, seeking severance from Co-Defendant Tyrone Hunter. On November 5, 2020, this Court denied Brooks' motion [645], and now sets forth its written findings below.

**I.  Background**

On May 31, 2017, a grand jury indicted Brooks and seven other co-defendants. [146]. The indictment charged Brooks with: (1) conspiracy to distribute at least one kilogram of heroin and 500 grams of cocaine, in violation of 21 U.S.C. § 846 (Count One); and (2) use of a telephone in furtherance of a narcotics offense, in violation of 21 U.S.C. § 843 (Count Eighteen). *Id.* at 1–2, 19. Brooks has remained in custody since his arrest on July 20, 2017. [172]; [640] at 3.

In January 2019, this Court first set trial for July 29, 2019 for Brooks and the other remaining co-Defendant, Tyrone Hunter, whom the indictment charged with (1) conspiracy to distribute at least one kilogram of heroin and 500 grams of cocaine,

in violation of 21 U.S.C. § 846 (Count One); (2) use of a telephone in furtherance of a narcotics offense, in violation of 21 U.S.C. § 843 (Count Nine); (3) possession of heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count Seventeen); and possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count Twenty). [365]; [146] at 1–2, 10, 18, 21.

On July 29, 2017, after a breakdown in communication between Hunter and his counsel, this Court continued trial so that Hunter could secure new representation. [472]. Brooks subsequently moved for severance, arguing that he was prejudiced by the further delay in going to trial. [553] at 49:21–50:4. This Court denied Brooks' motion, finding: (1) no specific prejudice as a result of joinder beyond the delay in trial; and (2) that any prejudice to Brooks as a result of the delay was not significant enough to warrant severance. *Id.* at 58:7–61:20.

In December 2019, this Court again continued trial, from January 13, 2020, to June 1, 2020, to allow for resolution of Hunter's *Franks* motion. [506]. After this Court granted the continuance, Brooks again moved for severance, claiming that further delay would "severely hamper" his constitutional right to a speedy trial and that a joint trial would purportedly prejudice him because he is "markedly less culpable than his co-defendant." [510] at 2–4. This Court denied Brooks' renewed motion, finding that neither the delay, nor any material differential in relative culpability, prejudiced him to a degree warranting a severance. In light of Brooks' invocation of his statutory right to a speedy trial, however, this Court struck the June 1, 2020 trial date and rescheduled trial for March 16, 2020. [521]. Upon

rescheduling the trial date, this Court noted that time remained excludable through June 1, 2020.

Subsequently, because one member of the Brooks' trial team raised an unresolvable conflict with the March 2020 trial date, this Court, at Brooks' own request, continued trial to June 15, 2020. [551]. Then, due to the COVID-19 pandemic, the parties agreed to an additional continuance until January 19, 2021. [603]. Finally, in August 2020, Hunter's counsel moved to continue trial until the summer of 2021 due to her pregnancy and upcoming maternity leave. [626]. After Hunter's motion for a continuance, Brooks chose not to demand trial but rather renewed his motion for severance. [640]. On November 5, 2020, after hearing from counsel, this Court denied the motion. [645].

## II. Legal Standard

The law recognizes the "prevailing preference" for trying co-defendants together; this preference is "especially strong" when co-conspirators are indicted together. *United States v. Jett*, 908 F.3d 252, 276 (7th Cir. 2018); *see also United States v. Morales*, 655 F.3d 608, 624 (7th Cir. 2011) (first citing *Zafiro v. United States*, 506 U.S. 534, 537–38 (1993); then citing *United States v. Alviar*, 573 F.3d 526, 539 (7th Cir. 2009)). Considerations of "judicial economy, consistency of verdicts, and systematic efficiency" inform this preference. *Morales*, 655 F.3d at 624–25. Courts maintain discretion to order separate trials of properly joined co-conspirators if joinder "appears to prejudice a defendant," Fed. R. Crim. P. 14(a), but do so "only if there is a serious risk that a joint trial would compromise *a specific trial right* of one

of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Morales*, 655 F.3d at 625 (emphasis added) (quoting *Zafiro*, 506 U.S. at 539). Even if a defendant can show such prejudice, "Rule 14 does not *require* severance"; instead, the rule "leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Id.* (quoting *Zafiro*, 506 U.S. at 538–39).

## III. Analysis

Brooks' motion rests chiefly upon two arguments: first, that further delay in the joint trial will prejudice him; and second, that a joint trial with Hunter will prejudice him as the "markedly less culpable" defendant. [640] at 4–7. This Court address each argument in turn below.

### A. Severance Based Upon the Delay in Trial

Both the Speedy Trial Clause of the Sixth Amendment and the Speedy Trial Act, 18 U.S.C. §§ 3161–3174, protect a criminal defendant's right to a speedy trial. At certain points in the proceedings, Brooks invoked one or both authorities as support for his claim that further delay would prejudice him.

#### 1. Statutory Speedy Trial Right

Under the Speedy Trial Act, a criminal defendant's trial must "commence within 70 days after he is charged or makes an initial appearance, whichever is later." *Bloate v. United States*, 559 U.S. 196, 198–99 (2010) (citing 18 U.S.C. § 3161(c)(1)). In a case with multiple defendants, this "seventy-day clock does not start ticking until the last co-defendant has been arraigned." *United States v. Baker*, 40 F.3d 154, 159 (7th Cir. 1994). The seventy-day period also excludes delays due to certain

4

enumerated events. *See* 18 U.S.C. § 3161(h). When the court excludes time because it finds that a delay serves the ends of justice and outweighs the interests of the public and the defense in a speedy trial, *id.* § 3161(h)(7), the court may put the required findings on the record at any point before ruling on a defendant's motion to dismiss under 18 U.S.C. § 3162(a)(2), *United States v. O'Connor*, 656 F.3d 630, 642 (7th Cir. 2011). Unless the court has granted severance, an excludable delay as to one defendant "may be ascribed to all codefendants in the same case." *Baker*, 40 F.3d at 159 (quoting *United States v. Tanner*, 941 F.2d 574 (7th Cir. 1991)); *see also* 18 U.S.C. § 3161(h)(6).

Here, Brooks argued that certain delays in this case "far exceeded the timeline set in the Speedy Trial Act." [640] at 4. Yet to date, the clock has not run. As discussed below, this Court has properly excluded all time since Brooks' arraignment.

*July 20, 2017—August 3, 2017*

Because Brooks was the last Defendant arrested, the speedy trial clock began to run on July 20, 2017, the date of his arrest. [172]. At Brooks' arraignment on the same date, Magistrate Judge Gilbert excluded time between the arraignment and the status hearing before this Court set for August 3, 2017 in the interest of justice and to allow for filing of pretrial motions. *Id.*; 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A).

*August 3, 2017—October 3, 2017*

At the August 3, 2017 status hearing, this Court excluded time until the following status hearing, scheduled for October 3, 2017, to allow for the filing of pretrial motions, 18 U.S.C. § 3161(h)(1)(D), and in the interest of justice to allow for

5

the effective preparation of counsel, review of discovery and potential plea discussions, *id.* § 3161(h)(7)(A). Brooks did not object to the exclusion of time. Time was also properly excludable during this period because Brooks remained properly joined to co-defendants for whom time had not run.[1] *Id.* § 3161(h)(6).

*October 3, 2017—December 6, 2017*

At the October 3, 2017 status hearing, this Court excluded time until the following status hearing, scheduled for December 6, 2017, to allow for the filing of pretrial motions, 18 U.S.C. § 3161(h)(1)(D), and in the interest of justice to allow for the effective preparation of counsel, review of discovery and potential plea discussions, *id.* § 3161(h)(7)(A). Brooks did not object to the exclusion of time. Time was also properly excludable during this period because Brooks remained properly joined to co-defendants for whom time had not run. *Id.* § 3161(h)(6).

*December 6, 2017—February 13, 2018*

At the December 6, 2017 status hearing, this Court excluded time until the following status hearing, scheduled for February 13, 2018, to allow for the filing of pretrial motions, 18 U.S.C. § 3161(h)(1)(D), and in the interest of justice to allow for the effective preparation of counsel, review of discovery and potential plea discussions, *id.* § 3161(h)(7)(A). Brooks did not object to the exclusion of time. Time was also properly excludable during this period because Brooks remained properly joined to co-defendants for whom time had not run. *Id.* § 3161(h)(6).

---

[1] Brooks has not argued improper joinder with Hunter or any of the other defendants in this case.

*February 13, 2018—April 12, 2018*

At the February 13, 2018 status hearing, this Court excluded time until the following status hearing, scheduled for April 12, 2018, to allow for the filing of pretrial motions, 18 U.S.C. § 3161(h)(1)(D), and in the interest of justice to allow for the effective preparation of counsel, review of discovery and potential plea discussions, *id.* § 3161(h)(7)(A). Brooks did not object to the exclusion of time. Time was also properly excludable during this period because Brooks remained properly joined to co-defendants for whom time had not run. *Id.* § 3161(h)(6).

*April 12, 2018—May 23, 2018*

At the April 12, 2018 status hearing, this Court excluded time until the following status hearing, scheduled for May 23, 2018, to allow for the filing of pretrial motions, 18 U.S.C. § 3161(h)(1)(D), and in the interest of justice to allow for the effective preparation of counsel, review of discovery and potential plea discussions, *id.* § 3161(h)(7)(A). Brooks did not object to the exclusion of time. Time was also properly excludable during this period because Brooks remained properly joined to co-defendants for whom time had not run. *Id.* § 3161(h)(6).

*May 23, 2018—July 10, 2018*

At the May 23, 2018 status hearing, this Court excluded time until the following status hearing, scheduled for July 10, 2018, to allow for the filing of pretrial motions, 18 U.S.C. § 3161(h)(1)(D), and in the interest of justice to allow for the effective preparation of counsel, review of discovery and potential plea discussions, *id.* § 3161(h)(7)(A). Brooks did not object to the exclusion of time. Time was also

7

properly excludable during this period because Brooks remained properly joined to co-defendants for whom time had not run. *Id.* § 3161(h)(6).

   *July 10, 2018—August 23, 2018*

   At the July 10, 2018 status hearing, this Court excluded time until the following status hearing, scheduled for August 23, 2018, to allow for the filing of pretrial motions, 18 U.S.C. § 3161(h)(1)(D), and in the interest of justice to allow for the effective preparation of counsel, review of discovery and potential plea discussions, *id.* § 3161(h)(7)(A). Brooks did not object to the exclusion of time. Time was also properly excludable during this period because Brooks remained properly joined to co-defendants for whom time had not run. *Id.* § 3161(h)(6).

   *August 23, 2018—September 25, 2018*

   At the August 23, 2018 status hearing, this Court excluded time until the following status hearing, scheduled for September 25, 2018, to allow for the filing of pretrial motions, 18 U.S.C. § 3161(h)(1)(D), and in the interest of justice to allow for the effective preparation of counsel, review of discovery and potential plea discussions, *id.* § 3161(h)(7)(A). Brooks did not object to the exclusion of time. Time was also properly excludable during this period because Brooks remained properly joined to co-defendants for whom time had not run. *Id.* § 3161(h)(6).

   *September 25, 2018—November 27, 2018*

   At the September 25, 2018 status hearing, this Court excluded time until the following status hearing, scheduled for November 27, 2018, to allow for the filing of pretrial motions, 18 U.S.C. § 3161(h)(1)(D), and in the interest of justice to allow for

the effective preparation of counsel, review of discovery and potential plea discussions, *id.* § 3161(h)(7)(A). Brooks did not object to the exclusion of time. Time was also properly excludable during this period because Brooks remained properly joined to co-defendants for whom time had not run. *Id.* § 3161(h)(6).

*November 27, 2018—December 11, 2018*

At the September 25, 2018 status hearing, this Court excluded time until the following status hearing, scheduled for December 11, 2018, to allow for the filing of pretrial motions, 18 U.S.C. § 3161(h)(1)(D), and in the interest of justice to allow for the effective preparation of counsel, review of discovery and potential plea discussions, *id.* § 3161(h)(7)(A). Brooks did not object to the exclusion of time. Time was also properly excludable during this period because Brooks remained properly joined to co-defendants for whom time had not run. *Id.* § 3161(h)(6).

*December 11, 2018—January 23, 2019*

At the December 11, 2018 status hearing, this Court excluded time until the following status hearing, scheduled for January 23, 2019, to allow for the filing of pretrial motions, 18 U.S.C. § 3161(h)(1)(D), and in the interest of justice to allow for the effective preparation of counsel, review of discovery and potential plea discussions, *id.* § 3161(h)(7)(A). Brooks did not object to the exclusion of time. Time was also properly excludable during this period because Brooks remained properly joined to co-defendants for whom time had not run. *Id.* § 3161(h)(6).

*January 17, 2019—February 6, 2019*

On January 17, 2019, after Brooks filed a motion for hearing on detention, this Court struck the January 23, 2019 status hearing as to Brooks and scheduled a detention hearing for February 6, 2019. This Court excluded time from January 17, 2019, through the February 6, 2019 hearing to allow for the filing of pretrial motions, 18 U.S.C. § 3161(h)(1)(D), and in the interest of justice to allow for the effective preparation of counsel, review of discovery and potential plea discussions, *id.* § 3161(h)(7)(A). Brooks did not object to the exclusion of time. Time was also properly excludable during this period because Brooks remained properly joined to co-defendants for whom time had not run. *Id.* § 3161(h)(6).

*January 23, 2019—July 29, 2019*

At a January 23, 2019 status hearing for Defendants Williams, Hunter, Yancy, and Choice, this Court set trial for July 29, 2019 as to all defendants, and excluded time through trial to allow for the filing of pretrial motions, 18 U.S.C. § 3161(h)(1)(D), and in the interest of justice to allow for the effective preparation of counsel and potential plea discussions, *id.* § 3161(h)(7)(A). At his detention hearing held on February 5, 2019 (not on February 6, 2019 as previously scheduled), Brooks did not object when this Court restated its exclusion of time until the new trial date. Time was also properly excludable during this period because Brooks remained properly joined to co-defendants for whom time had not run. *Id.* § 3161(h)(6).

*July 29, 2019—August 7, 2019*

On July 29, 2019, after Hunter expressed dissatisfaction with his counsel, this Court continued trial so that Hunter could obtain new representation. Brooks then moved for severance on the grounds that he was prejudiced by the further delay in trial. This Court denied Brooks' motion and, over Brooks objection, found that time until the upcoming August 7, 2019 status hearing was properly excludable in the interest of justice to allow for effective preparation of counsel.[2]  [553] at 62:20–63:5; 18 U.S.C. § 3161(h)(7)(A).  Time was also properly excludable during this period because Brooks remained properly joined to Hunter, for whom time had not run.  *Id.* § 3161(h)(6).

*August 7, 2019—January 13, 2020*

At the August 7, 2019 status hearing, this Court excluded time until trial, scheduled for January 13, 2020, to allow for the filing of pretrial motions, 18 U.S.C. § 3161(h)(1)(D), and in the interest of justice to allow for the effective preparation of counsel, *id.* § 3161(h)(7)(A).  Brooks did not object to the exclusion of time.  Time was also properly excludable during this period because Brooks remained properly joined to co-defendants for whom time had not run.  *Id.* § 3161(h)(6).

*December 3, 2019—June 1, 2020*

At a December 3, 2019 status hearing, this Court continued trial from January 13, 2020, to June 1, 2020, to allow for litigation of Hunter's *Franks* motion. This Court excluded time until trial to allow for the filing of pretrial motions, 18 U.S.C. § 3161(h)(1)(D), and in the interest of justice to allow for the effective

---

[2] Defendant Hunter's new counsel filed an appearance on August 5, 2019. [476].

11

preparation of counsel, *id.* § 3161(h)(7)(A). Brooks subsequently moved for severance and demanded trial, objecting to any exclusion of time through the June 1, 2020 trial date. This Court denied the motion to sever and found that, because Brooks remained properly joined with a defendant for whom time had not run, the June 1, 2020 trial date would not exceed the speedy trial clock. Considering Brooks demand, however, this Court advanced the trial date to March 16, 2020, to minimize further delay. At this point, Brooks did not object to the exclusion of time through the new March 2020 trial date. Time was also properly excludable during this period because Brooks remained properly joined to co-defendants for whom time had not run. *Id.* § 3161(h)(6).

*March 10, 2020—June 15, 2020*

At a March 10, 2020 status hearing, Brooks withdrew his demand for trial and moved to continue trial because one of his attorneys had a conflicting trial in the Northern District of Indiana. This Court granted Brooks' motion, continuing trial until June 15, 2020. After granting the motion, this Court excluded time through the new trial date in the interest of justice to allow for the effective preparation of counsel., 18 U.S.C. § 3161(h)(7)(A). Time was also properly excludable during this time period, because Brooks remained properly joined to co-defendants for whom time had not run. *Id.* § 3161(h)(6).

*May 20, 2020—January 19, 2021*

On April 24, 2020, the Chief Judge of the District Court for the Northern District of Illinois issued the Third Amended General Order 20-0012 striking all

12

criminal "jury trials scheduled for before June 26, 2020" and, in "cases impacted by this trial continuance," excluding "time under the Speedy Trial Act through June 29, 2020, because the ends of justice outweigh the interests of the parties and the public in a speedy trial." Third Amended General Order 20-0012 at 6 (N.D. Ill. Apr. 24, 2020). Based upon that order, on May 20, 2020, this Court continued trial until January 19, 2021. Independent of the Third Amended General Order, this Court also excluded time through the new trial date in the interest of justice to allow for trial preparation. 18 U.S.C. § 3161(h)(7)(A). Brooks did not object to the exclusion of time.

*November 5, 2020—July 6, 2021*

In August 2020, Defendant Hunter moved for a continuance of the January 19, 2021 trial date to accommodate his attorney's upcoming maternity leave. [626]. On November 5, 2020, this Court granted the motion and entered an order continuing trial to July 12, 2021. [645]. With the consent of the parties, this Court subsequently reset trial for July 6, 2021. [673]. Brooks did not object to either of these orders which set the new trial dates.

Time between November 5, 2020 and the current July 6, 2021 trial date, resulting from the continuance to accommodates counsel for Hunter's maternity leave, is properly excludable as to Hunter. *See* 18 U.S.C. § 3161(h)(7)(A)–(B). And because Brooks remains properly joined with Hunter, any exclusion of time as to Hunter also applies to Brooks. *See id.* § 3161(h)(6).

In short, a continued joint trial does not violate Brooks' rights under the Speedy Trial Act, and, thus, the Act does not provide a proper basis for his motion to sever, or any other relief.

### 2. Constitutional Speedy Trial Right

The Sixth Amendment provides that in "all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." *Hart v. Mannina*, 798 F.3d 578, 596 (7th Cir. 2015) (quoting *United States v. MacDonald*, 456 U.S. 1, 6 (1982)). This right attaches when a defendant is "indicted, arrested, or otherwise officially accused." *Hart*, 798 F.3d at 596 (quoting *MacDonald*, 456 U.S. at 6). In *Barker v. Wingo*, the Supreme Court set out the four factors trial courts use today to identify violations of a defendant's constitutional right to a speedy trial: (1) the "length of the delay"; (2) "the reason for the delay," (3) "the defendant's assertion of his right," and (4) "prejudice to the defendant." 407 U.S. 514, 530 (1972). As demonstrated below, application of the *Barker* factors confirms that no such violation occurred here.

#### a. Length of the Delay

First, in assessing a defendant's Sixth Amendment right to a speedy trial, a delay of more than one year is "presumptively prejudicial." *O'Connor*, 656 F.3d at 643. In this case, the delay here means that nearly four years will elapse between Brooks' arrest and trial. Thus, this first factor weighs in favor of Defendant.

#### b. Reasons for the Delay

To assess this factor, courts ask whether the defendant or the government bears the most blame for the delay. *See, e.g., United States v. Arceo*, 535 F.3d 679,

14

686 (7th Cir. 2008). Courts attribute a delay "resulting from defense counsel's need to prepare" to the defendant himself. *United States v. Bell*, 925 F.3d 362, 376 (7th Cir. 2019). And courts do not attribute delays resulting from "continuance requests made solely by . . . co-defendants" to the government; rather, such delays are "at best neutral" to the parties' positions. *United States v. Saenz*, 623 F.3d 461, 465 (7th Cir. 2010). Other neutral reasons for delay, such as overcrowded courts, also weigh "less heavily against the government." *United States v. Patterson*, 872 F.3d 426, 435 (7th Cir. 2017).

On balance, this factor weighs against Defendant. The government has not caused any of the trial delays. Instead, most of the continuances have been sought by Hunter or by Brooks himself (who sought continuance of the March 2020 trial date).

Likewise, any continuance due to the COVID-19 pandemic, [603], does not alter this analysis. Since March 2020, general orders issued by the Chief Judge of this Court have severely limited this Court's ability to hold jury trials, at times prohibiting them entirely. *See, e.g.*, Third Amended General Order, *supra*. Like other courts faced with this question, this Court declines to attribute delay caused by the COVID-19 pandemic to the government. *See, e.g.*, *United States v. Holmes*, No. 18-CR-00258, 2020 WL 6047232, at *5 (N.D. Cal. Oct. 13, 2020); *United States v. Leveille*, No. 18-CR-02945, 2020 WL 4698511, at *5–6 (D.N.M. Aug. 13, 2020); *United States v. Briggs*, 471 F. Supp. 3d 634, 639 (E.D. Pa. 2020).

### c. Assertion of Speedy Trial Right

This third factor weighs slightly in favor of Brooks. Brooks has asserted his constitutional right to a speedy trial by opposing some of the continued trial dates and exclusions of time, and by demanding trial at certain points in the proceedings. [553] at 61–62; [640] at 5. Nevertheless, Brooks also failed to object to many continuances, and ultimately withdrew his trial demand, simultaneously moving for a continuance because one of his attorneys had a conflicting trial in the Northern District of Indiana. *Id.* On balance, this case history suggests that Brooks has properly asserted his constitutional right to a speedy trial, but only as to certain portions of the delay in trial. *See United States v. Oriedo*, 498 F.3d 593, 600 (7th Cir. 2007) (construing a defendant's statements that he opposed continuances and wished to proceed to trial as an assertion of his constitutional right to a speedy trial).

### d. Prejudice to Defendant

This factor is of the "most serious" concern to courts because it may skew "the fairness of the entire system." *Oriedo*, 498 F.3d at 600 (alteration in original) (quoting *Doggett v. United States*, 505 U.S. 647, 654 (1992)). Courts examine prejudice to the defendant "in light of the interests the Sixth Amendment seeks to protect," namely: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that defense will be impaired." *Bell*, 925 F.3d at 376 (quoting *United States v. Harmon*, 721 F.3d 877, 883 (7th Cir. 2013)). A defendant need not always show actual prejudice; instead, a court may presume prejudice in some circumstances, such as where there has been

16

constitutionally excessive delay. *Oriedo*, 498 F.3d at 600; *see also Doggett*, 505 U.S. at 655 (noting that "excessive delay presumptively compromises the reliability of a trial"). But this presumed prejudice cannot "carry a speedy trial claim absent a strong showing on the other *Barker* factors" (which the present record does not establish). *Oriedo*, 498 F.3d at 600.

Here, Brooks fails to demonstrate any prejudice. While, to be sure, Brooks has been incarcerated for a lengthy period, he fails to show how that delay might impair his ability to mount a defense in any way. Moreover, the length of the delay itself cannot carry his speedy trial claim because Brooks fails to demonstrate that on balance the other *Barker* factors weigh strongly in his favor. *Oriedo*, 498 F.3d at 600. Given the record, this Court denied Brooks' motion to the extent it invokes his constitutional right to a speedy trial.

### B.    Severance Based Upon Lesser Culpability

Next, Brooks argues that his case warrants severance because he is purportedly less culpable than Hunter. Not so. While the risk of prejudice to a defendant increases when he "is distinctly less culpable than his codefendants," *Jett*, 908 F.3d at 276, measures "less drastic" than severance, "such as limiting instructions, often will suffice to cure any risk of prejudice," *Zafiro*, 506 U.S. at 539. Therefore, the mere possibility that a defendant's chances of acquittal would be higher in a separate trial does not entitle him to severance. *Jett*, 908 F.3d at 276. Nor does a "simple 'disparity in the evidence'" between co-defendants. *United*

*States v. Serpico*, 320 F.3d 691, 696 (7th Cir. 2003) (quoting *United States v. Caliendo*, 910 F.2d 429, 438 (7th Cir. 1990)).

Brooks argues that he is less culpable than Hunter because the indictment only charges him with two counts (as opposed to Hunter's four) and that a joint trial would create a risk of "guilt simply by association." [640] at 6. In addition, Defendant argues that disparities in evidence may also prejudice him, because several of the charges against Hunter "involve large amounts of narcotics." *Id.* at 6–7. As explained above, however, any prejudice resulting from differences in culpability or evidence between co-defendants will be mitigated through limiting jury instructions. This Court presumes that juries follow instructions. *Serpico*, 320 F.3d at 696. And because Defendant makes no showing that such a remedy would prove inadequate to resolve the purported risk of prejudice he fears, this Court finds that any differences in culpability or evidence fail to support severance.

### C. Severance Based on Prolonged Detention

Brooks also argues that his "prolonged detention" has prejudiced him and that such prejudice is particularly acute "in the age of COVID-19." [640] at 7. But, standing alone, prolonged detention does not compromise "a specific trial right" nor does it constitute "actual prejudice [that] . . . result[ed] from a joint trial." *United States v. Shealey*, 641 F.3d 627, 633 (4th Cir. 2011) (alterations in original) (first quoting *Zafiro*, 506 U.S. at 539; then quoting *United States v. Reavis*, 48 F.3d 763, 767 (4th Cir. 1995)); *see also United States v. Jones*, 143 F. Supp. 3d 78, 92 (W.D.N.Y. 2015) (denying motion to sever where "the sole reason raised by Defendant for a

18

severance" was "the fact that he remains in custody during the pre-trial stage of his case), *aff'd*, No. 15-3723 (2d Cir. Feb. 11, 2016). Accordingly, Brooks' length of detention fails to serve as a proper basis for a Rule 14 motion.

### D. Factors Supporting a Joint Trial

Finally, in ruling on a motion to sever under Rule 14, trial courts exercise discretion and balance the inconvenience and expense of separate trials against the prejudice to defendants that may flow from a joint trial. *United States v. Maggard*, 865 F.3d 960, 971 (7th Cir. 2017) (noting that district courts "balance the benefits of a joint trial" against "potential prejudices" when making Rule 14 severance decisions); *see also* 1A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 224 (5th ed. 2020). Joint trials "reduce the expenditure of judicial and prosecutorial time"; "reduce the claims the criminal justice system makes on witnesses"; and give "the jury the best perspective on all the evidence," therefore increasing "the likelihood of a correct outcome." *United States v. Moore*, 115 F.3d 1348, 1362 (7th Cir. 1997) (quoting *United States v. Briscoe*, 896 F.2d 1476, 1516–17 (7th Cir. 1990)).

The facts here fail to warrant a severance. For example, Count One of the indictment charges both Brooks and Hunter as codefendants in a conspiracy; separate trials would, thus, undoubtedly require duplicative presentation of evidence and the empanelment of an additional jury, circumstances that undermine judicial economy. And, given the state of the COVID-19 pandemic at the time of this motion, separate trials would have posed a greater threat to public health. *County Level COVID-19 Risk*

19

*Metrics*, Ill. Dep't Pub. Health, https://www.dph.illinois.gov/countymetrics (last visited Nov. 6, 2020) (noting "increased COVID-19 risk" in Cook, DuPage, Grundy, Kane, Kendall, La Salle, Lake, and Will counties). Two trials would also double the amount of time and resources that prosecutors, witnesses, and courtroom staff must spend in administering the case. As this Court has noted, any risk of prejudice to Brooks remains too slight to warrant severance, particularly when weighed against the problems created by separate trials.

### IV. Conclusion

For the reasons explained above and noted in open court, this Court denied Defendant Brooks' Motion to Sever Trials [640].

Dated: June 14, 2021.

Entered:

_____
John Robert Blakey
United States District Judge